UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KIMANI STOCKDALE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-00905-JRO-TAB |
| | ) | |
| KRISTINE PARTAIN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Kimani Stockdale is a prisoner currently incarcerated at Pendleton Correctional Facility ("Pendleton"). He filed this civil action under 42 U.S.C. § 1983 alleging that the defendant refused to provide him medical care. Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. SCREENING STANDARD**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. THE COMPLAINT

Stockdale's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). The complaint names Doctor Kristine Partain as the only defendant. The complaint alleges that Dr. Partain is employed by Centurion Health and works at Pendleton.

Stockdale alleges that he experiences significant daily nerve pain from several gunshot wounds he suffered before his incarceration. He says these wounds also cause him sleep deprivation, difficulty walking, spinal stiffness and throbbing.

Stockdale alleges that Dr. Partain has refused to provide him medical treatment for his pain despite Stockdale's repeated requests to be seen. He alleges that after filing one of his grievances about this refusal, Pendleton officials ordered Dr. Partain's medical assistant to schedule Stockdale for an appointment with her. This appointment was scheduled for July 1, 2025, but Stockdale alleges that Dr. Partain "suspiciously and maliciously" cancelled the appointment. Dkt. 1 at 9. Between July 1, 2025, and February 12, 2026, Stockdale submitted four requests for medical treatment directly to Dr. Partain's office. He alleges that Dr. Partain ignored those requests.

Stockdale alleges that after Dr. Partain cancelled his July 1, 2025, appointment, he asked a different non-party nurse practitioner for a medical appointment. On February 2, 2026, he had this appointment with the nurse practitioner, during which Dr. Partain allegedly interfered and told the nurse practitioner to refuse Stockdale's requests for medicine, medical aids, and other treatments. Stockdale alleges that he and Dr. Partain then got into a heated argument, during which Dr. Partain made racist and sexist remarks towards him. Correctional officers were called to end the altercation. Dr. Partain has since refused to even speak with Stockdale.

Stockdale claims that Dr. Partain's refusal to provide him medical treatment violated his rights under the Eighth Amendment. He claims that her alleged comments made during their heated exchange also violated his Eighth Amendment rights. He seeks punitive and compensatory damages.

**III. DISCUSSION OF CLAIMS**

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

Stockdale may proceed on his Eighth Amendment claim of deliberate indifference against Dr. Partain for allegedly denying him medical treatment. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019).

Stockdale may not proceed on an Eighth Amendment claim regarding Dr. Partain's alleged comments during their alleged altercation. Except in

exceptional circumstances, verbal abuse or unprofessional comments from prison officials does not constitute a violation of the Eight Amendment. *See Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019) (citing *Beal v. Foster*, 803 F.3d 356, 357–58 (7th Cir. 2015)) (explaining that prison staff's use of even "[r]epugnant words . . . will seldom rise to an Eighth Amendment violation" because "[r]elationships between prisoners and prison staff are not always marked by genteel language and good manners"). Although Dr. Partain's alleged comments, if true, were unprofessional, Stockdale does not allege the kind of exceptional circumstances that rise to an Eighth Amendment violation. This claim will be **dismissed**.

## IV. CONCLUSION AND SERVICE OF PROCESS

The following claim is proceeding in this action: an Eighth Amendment claim of deliberate indifference against Dr. Partain for denying him medical treatment. All other claims have been dismissed. This summary includes the only viable claim identified by the Court. All other claims have been dismissed. If the plaintiff believes additional claims were alleged in the complaint but not identified by the Court, he shall have **through November 23, 2026,** in which to file a motion to reconsider the screening order.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendant Kristine Partain at Pendleton Correctional Facility in the manner specified by Rule 4(d). Process shall consist of the complaint filed on May 4, 2026, dkt. [2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Defendant Partain is identified as an employee of Centurion. A copy of this Order and the process documents shall also be served on Centurion electronically. Centurion is **ORDERED** to provide the full name and last known home address of any defendant who does not waive service if they have such information. This information shall be filed ex parte.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 10/23/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

KIMANI STOCKDALE
305179
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic service to Centurion:

Kristine Partain

(At Pendleton Correctional Facility)